# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ARTURO MACIAS,** *Plaintiff* | § § § | |
| v. | § § | Case No. 22-CV-01292-LY-SH |
| **DEPARTMENT OF FAMILY SERVICES,** *Defendant* | § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), filed January 10, 2023 (Dkt. 9); Plaintiff's Motion to Strike Defendant's Motion to Dismiss, filed January 23, 2023 (Dkt. 12); Plaintiff's Default Judgement Motion, filed January 23, 2023 (Dkt. 13); Plaintiff's Motion to Deny Electronic Filing, filed January 23, 2023 (Dkt. 14); Plaintiff's Declaratory Judgement with Prayer and Relief and Injunctive Relief in Support of Complaint, filed February 7, 2023 (Dkt. 17); and Defendant's Motion to Dismiss Plaintiff's Amended Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), filed February 21, 2023 (Dkt. 18). The District Court referred the case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 3.

## I.    Background

On March 8, 2022, Bexar County Judge Charles Montemayor ordered the removal of Plaintiff Arturo Macias, Jr.'s three children. Dkt. 1 (Complaint) at 4; Dkt. 18 at 2. Macias alleges that the

Texas Department of Family and Protective Services[1] ("DFPS") "legally kidnapped" his children by participating in their removal. Dkt. 17 at 4. Macias further alleges that the children suffered physical abuse and medical neglect in foster care, but DFPS denied his requests to place the children with their paternal grandparents and reunite his family. Dkt. 17 at 4-5, 16.

After suing DFPS, Macias filed Plaintiff's Declaratory Judgement with Prayer and Relief and Injunctive Relief in Support of Complaint (Dkt. 17), which the Court construes as a supplement to his Complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (instructing that pro se complaints are to be liberally construed). Macias asserts that DFPS violated 5 U.S.C. §§ 702-03; 18 U.S.C. §§ 241, 242, 371, 983, 1028, 1201(a), 2313; 28 U.S.C. §§ 2201-02; and 42 U.S.C. §§ 1983, 1985, 1986, 2000aa-6, 2000dd. Dkt. 17. He seeks a court order (1) granting him custody of his three children; (2) issuing a restraining order against DFPS and its affiliates; (3) declaring DFPS's actions illegal under state and federal law; (4) enjoining DFPS from filing motions or abusing the judicial process; (5) and awarding $11 million in damages. *Id.* DFPS moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, for improper venue under Rule 12(b)(3). *Id.*

## II.   Legal Standard

While "there is no mandatory 'sequencing of jurisdictional issues,'" courts typically address challenges to subject matter jurisdiction "at the outset" and "reach other issues first only where the jurisdictional issue is 'difficult to determine' and the other grounds are relatively 'less burdensome.'" *Sangha v. Navig8 ShipManagement Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431, 436 (2007)).

---

[1] DFPS states that it was incorrectly named as "Department of Family Services." Dkt. 18 at 1.

Subject matter jurisdiction is "essential for the federal judiciary to hear a case." *Lamar Co. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020). Under Rule 12(b)(1), a court must dismiss a claim if it lacks subject matter jurisdiction. A court properly dismisses a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding a Rule 12(b)(1) motion, the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* Because the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* A court's dismissal of a case due to a lack of subject matter jurisdiction is "not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, such a dismissal should be made without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

### III.   Analysis

DFPS argues that the Complaint should be dismissed for lack of subject matter jurisdiction because the claims alleged are barred by sovereign immunity and the *Rooker-Feldman* doctrine. *See Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments except when authorized by Congress."). Macias did not respond to DFPS's motion to dismiss.

The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

> Sovereign immunity is the privilege of the sovereign not to be sued without its consent. . . . A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.

*Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011) (cleaned up).

Sovereign immunity applies not only to actions in which a state itself is the named defendant, but also to actions against state agencies and instrumentalities. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). A suit "against an arm or instrumentality of the State is treated as one against the State itself." *Lewis v. Clarke*, 581 U.S. 155, 166 (2017).

DFPS undisputedly is an administrative agency of the State of Texas that has not waived its sovereign immunity. *Thomas v. Tex. Dep't of Fam. & Protective Servs.*, 427 F. App'x 309, 312-13 (5th Cir. 2011) (citing *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990)); *Collins v. Tex. Dep't of Fam. & Protective Servs.*, No. 1:20-CV-367-LY, 2021 WL 466135, at *4 (W.D. Tex. Feb. 9, 2021). And Congress has not abrogated DFPS's sovereign immunity as to any of Macias's claims.

Congress has not abrogated sovereign immunity for claims under federal criminal statutes. *Russell v. Texas*, No. 3:19-CV-00334-C-BT, 2020 WL 622794, at *2 (N.D. Tex. Jan. 21, 2020), *R. & R. adopted*, 2020 WL 622788 (N.D. Tex. Feb. 10, 2020), *aff'd*, 824 F. App'x 299 (5th Cir. 2020). None of the criminal statutes under which Macias sues provide for a private cause of action. *See Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (per curiam) (holding that petitioner had no right to bring private action under federal criminal statutes); *Gill v. State of Tex.*, 153

4

F. App'x 261, 262-63 (5th Cir. 2005) ("[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute.") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). For these reasons, the Court recommends that Macias's claims under 18 U.S.C. §§ 241, 242, 371, 1028, 1201(a), 2313, and 983 should be dismissed for lack of subject matter jurisdiction.

Nor do any of the civil statutes under which Macias sues contain a congressional waiver of sovereign immunity. Congress has not abrogated the State's sovereign immunity under 42 U.S.C. §§ 1983, 1985, or 1986. *Rosas v. Univ. of Tex. at San Antonio*, 793 F. App'x 267, 272 (5th Cir. 2019) (per curiam). The same is true for 42 U.S.C. § 2000aa-6. *See id.* (stating that lawsuits can proceed "against a State which has waived its sovereign immunity"); *Flora Hoi v. Tex. Dep't of Housing*, No. 3:06-CV-0385-P, 2006 WL 8437037, at *2 (N.D. Tex. May 31, 2006) ("The language of this provision makes plain that Congress chose not to abrogate Eleventh Amendment immunity for causes of action under this statute.") (citation omitted).

Macias also brings claims under 5 U.S.C. §§ 702-03 of the Administrative Procedure Act ("APA"). The APA does not apply to state administrative agencies and cannot abrogate their sovereign immunity. *See Highland Vill. Parents Grp. v. U.S. Fed. Highway Admin.*, 562 F. Supp. 2d 857, 862 (E.D. Tex. 2008) (holding that APA acts as a waiver of sovereign immunity only for federal agencies). Likewise, 42 U.S.C. § 2000dd, which prohibits cruel and inhumane treatment of detainees in the custody of the United States, applies only to the federal government. The Court therefore recommends that Macias's claims under 5 U.S.C. §§ 702-03 and 42 U.S.C. §§ 1983, 1985, 1986, 2000aa-6, 2000dd also should be dismissed for lack of subject matter jurisdiction.

Macias's claims for declaratory and injunctive relief fare no better. The Supreme Court set forth a limited exception to sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908), for claims against individual state actors seeking prospective declaratory or injunctive relief. The *Ex parte Young* exception does not apply here because Macias sues a state agency, not an individual state actor. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (stating that *Ex parte Young* "has no application in suits against States and their agencies"). The declaratory and injunctive relief he seeks is barred by sovereign immunity.

The Court concludes that Macias's claims against DFPS should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Given this determination, the Court need not consider DFPS's arguments that this case should be dismiss under the *Rooker-Feldman* doctrine and for improper venue.

## IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Texas Department of Family and Protective Services' Motion to Dismiss Plaintiff's Amended Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) (Dkt. 18) and **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

The Court **FURTHER RECOMMENDS** that Defendant's Motion to Dismiss Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) (Dkt. 9), which was superseded by the instant motion to dismiss, and Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Dkt. 12), Default Judgement Motion (Dkt. 13), and Motion to Deny Electronic Filing (Dkt. 14) should be **DISMISSED AS MOOT**.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 19, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE